IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAZY S RANCH PROPERTIES, LLC,       )
An Oklahoma Limited Liability       )
Company,                            )
                                    )
            Plaintiff,              )
                                    )
v.                                  )    Case No. CIV-19-425-RAW
                                    )
VALERO ENERGY CORPORATION;          )
et al,                              )
                                    )
            Defendants.             )

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum to Non-Party Rosen USA (Docket Entry #83). United States District Judge Ronald A. White who presides over this case referred this Motion to the undersigned for final determination. Expedited briefing was ordered and the response and reply were filed. Plaintiff brings this action against Defendants in a multi-count Complaint stemming from an alleged leak in a pipeline transporting petroleum products operated by Defendants that traverses through Plaintiff's property.

On April 21, 2021, a Second Amended Scheduling Order was entered in this case establishing a jury trial date of February 1, 2022. In accordance with Fed. R. Civ. P. 26(a)(2)(D)(i) and the Scheduling Order, Plaintiff's expert reports must be filed within 90 days before the scheduled trial or November 2, 2021.

On September 10, 2021, non-party Rosen USA ("Rosen") was served with a subpoena duces tecum by Plaintiff. The subpoena directed the production of

> All documents, including but not limited to photographs, invoices, reports, report drafts, notes, and emails and communications with employees, contractors or Velaro (sic) Energy Corp. et al., relating to any testing, work, or repairs performed on the Velaro Pipeline running from Ardmore OK to Wynnewood OK.

The subpoena directed production in 20 days or September 30, 2021 at 5:00 a.m. On September 13, 2021, legal counsel for Rosen e-mailed Plaintiff's counsel requesting a 30-day extension for compliance with the subpoena or until October 29, 2021. Counsel stated that Rosen was "unable to logistically respond to the subpoena" within the time allowed. Counsel stated that it would take more time to determine the pipeline at issue, recover archived files and communications, determine which Rosen personnel were involved, perform electronic searches of Rosen's e-mail server, and review the documents for production. Plaintiff's counsel would not agree to the extension because of the impending date for expert reports of November 2, 2021 which he contended would leave insufficient time between production and the due date for the report for Plaintiff's expert to review the documents.

Because of the lack of agreement, Rosen objected to the subpoena as overly broad, vague, ambiguous, and failing to describe

the documents sought with particularity, failing to provide a reasonable time for compliance, failing to provide for a reasonable place for compliance, and the burden and expense of production. Acrimony followed. Plaintiff's counsel continued to seek production on the date provided in the subpoena offering skepticism in response to the bases for the objections. Telephonic communications did not resolve the parties' differences, resulting in the subject Motion. Through the pending Motion, Plaintiff seeks to compel non-party Rosen to immediately comply with a subpoena for documents, seeking expedited briefing and an expedited ruling.

This Court begins from the premise that "nonparties enjoy considerable protection from discovery requests." Simon v. Taylor, 2014 WL 6633917, at *21 (D.N.M. November 18, 2014). Rosen should not be held to the same time demands as the litigants to the case as it is not a party to the scheduling orders entered in the case. Additionally, in this particular case, Plaintiff did not comply with the mandates of Fed. R. Civ. P. 34(b)(2)(A) by allowing Rosen only 20 days to respond to the subpoena rather than the 30 days provided by Rule 34.

Most importantly, this is a crisis of timing entirely of Plaintiff's own making. Plaintiff was aware on April 21, 2021 that expert reports were due on November 2, 2021. Yet, Plaintiff

3

waited until September 10, 2021 to serve its subpoena upon Rosen for documents it deems necessary for review by its expert. Rosen cannot be expected to bear the weight of expedited production which, by all representations, consists of no small number of documents because of Plaintiff's lack of diligence. Rosen's request for a 30-day extension in light of these considerations is not unreasonable. Rosen will be required to produce the responsive documents by October 29, 2021. Plaintiff can determine the necessary steps to accommodate production by this date.

IT IS THEREFORE ORDERRED that Plaintiff's Motion to Compel Compliance with Subpoena Duces Tecum to Non-Party Rosen USA (Docket Entry #83) **DENIED.**

IT IS SO ORDERED this 21st day of October, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE