IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAZY S RANCH PROPERTIES, LLC, an Oklahoma limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VALERO TERMINALING AND DISTRIBUTION COMPANY; VALERO PARTNERS OPERATING CO. LLC; and VALERO PARTNERS WYNNEWOOD, LLC,<br><br>Defendants. | Case No. 19-cv-425-JWB |

**DEFENDANTS' PRELIMINARY MOTION IN LIMINE TO EXCLUDE EVIDENCE IN THE FOLLOWING CATEGORIES OF IRRELEVANT SUBJECT MATTER**

Defendants Valero Terminaling and Distribution Company, Valero Partners Operating Co. LLC, and Valero Partners Wynnewood, LLC (collectively "Defendants") move this Court for the entry of an Order barring Plaintiff Lazy S Ranch Properties, LLC ("Lazy S"), their counsel, and their witnesses from introducing any evidence, argument, or testimony on the subject matter of any of the topics described herein.[1]  In support of this Omnibus Motion related to various topics of irrelevant and prejudicial evidence, Defendants states as follows.

---

[1] Defendants are filing this Motion only as a precaution as they have previously filed two separate emergency motions to vacate this deadline and other deadlines in the case.  *See* Defendants' Emergency Motion to Vacate Trial Date and all Pre-Trial Deadlines and Set New Pretrial Deadlines (Docket No. 204); Defendants' Emergency Motion Amendment to Motion Vacate Trial Date and All Pretrial Deadlines and Set New Pretrial Deadlines (Docket No. 207); and Defendants' Emergency Motion to Vacate May 16th Pretrial Motions and Daubert Motions and May 19th Deadlines (Docket No. 215).  In the event the Court does grant one or both of the motions to vacate the Motion in Limine deadline, Defendants respectfully request that they be allowed to file new motions in limine on the new motion in limine date that will be set by the Court in due course.  As of this filing, 16 depositions have yet to be scheduled, including two fact witnesses and 14 experts. This additional discovery will impact motions in limine.  Accordingly, Plaintiffs reserve all rights to supplement or file new motions as appropriate.

## I.   INTRODUCTION

This case is a misguided effort by the Plaintiff to claim contamination from Valero Partners Wynnewood, LLC's pipeline that crosses Plaintiff's ranch for three miles (the "Pipeline") where no such contamination exists from the Pipeline, and there is no evidence of any kind that the Pipeline is leaking. Plaintiff's case is largely built on hyperbole and conjecture, and as explained in Defendants' Preliminary *Daubert*/F.R.E. 702 motion filed of even date herewith, Plaintiff's "evidence" consists only of speculative and unsupported assertions that the Pipeline is leaking refined petroleum products where this is no actual evidence of a leak. In order to try to make the case sound more legitimate, Plaintiff and its counsel routinely and repeatedly use language and arguments that attack the Defendants for the industry that they are in, that attack the Defendants' parent company (a non-party) for its corporate earnings and its stock price, and that are designed to paint Defendants in a negative light to the Court, and presumably the jury. All of the foregoing types of arguments, statements, and hyperbole from Plaintiff, which are articulated in more detail below, should be excluded from the trial in this matter as irrelevant under F.R.E. 401, and even if the Court finds any of the alleged evidence described herein as "relevant," it should nonetheless exclude the topics herein as prejudicial, confusing, misleading, and a waste of time under F.R.E. 403.

## II.   APPLICABLE LEGAL STANDARD

Fed. R. of Evid. 401 makes clear that evidence is only "relevant if: (1) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. of Evid. 403 states that the "court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

A motion in limine is a " 'pretrial request that certain inadmissible evidence not be referred to or offered at trial.'" *Godfrey v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-00329-JD, 2020 WL 1056306, at *1 (W.D. Okla. Mar. 4, 2020) (citing *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016)). "A court's in limine rulings are preliminary and are subject to change as the case unfolds or at its discretion." *Godfrey*, 2020 WL 1056306, at *1 (citing *Luce v. United States*, 469 U.S. 38, 41-42 (1984)). "The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Shotts v. GEICO Gen. Ins. Co.*, No. CIV-16-1266-SLP, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) (quoting *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-578-WJM-CBS, 2012 WL 503510 at *4 (D. Colo. Feb. 15, 2012)). Motions in limine "are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Shotts*, 2018 WL 4832625, at *1 (quoting *Graves v. Dist. of Columbia*, 850 F.Supp.2d 6, 10 (D.D.C. 2011)). F.R.E. 402 makes clear that "irrelevant evidence is not admissible."

### III.   ARGUMENT

Throughout this case both in filings and in depositions, Plaintiff has suggested that Defendants are bad actors merely because they are in the oil and gas industry, and because their parent company Valero Energy Corp., who is not a party to this action, has had some success with its stock price. Defendants therefore file this preliminary motion in limine to ensure that the below categories of purported evidence are properly and fairly excluded from the trial in this matter.

**A. Discrete Categories of Alleged Evidence That Should be Excluded as Irrelevant and Prejudicial to Defendants.**

3

1. Argument or testimony from Plaintiff suggesting or alleging that there is anything improper or unlawful about the Pipeline traversing Plaintiff's ranch for three miles where Defendants own right-of-way easements that lawfully allow the Pipeline to traverse the Lazy S Ranch where it currently resides.

2. Argument or testimony from Plaintiff suggesting that it is improper for Valero to conduct routine maintenance or digs on the Pipeline on the Lazy S Ranch. Defendants have a right to conduct routine maintenance, including digs of the Pipeline, on the Lazy S Ranch via their easement, and any argument or suggestion that Defendants' efforts to maintain and monitor the Pipeline is any sort of "nuisance" or "unreasonable" should be excluded.

3. Argument or testimony from Plaintiff suggesting that Plaintiff has lost any value in the Lazy S Ranch because of Valero's routine maintenance of the Pipeline via its own lawful easement on the portion of the Pipeline that traverses the Lazy S Ranch.

4. No evidence of any settlement offers or settlement communications because such evidence is barred by F.R.E. 408.

5. No evidence or reference to Defendants' parent company, Valero Energy Corporation ("VEC"), its relative size, stock price, whether employees own VEC stock, its quarterly or yearly earnings, or of any media coverage of VEC. For example, Plaintiff recently attached a news article about Valero's stock price to a filing, and such media articles and any references from Plaintiff should be excluded as irrelevant and prejudicial. *See* Doc. No. 216-1. VEC is no longer a party to this action and was dismissed in the early stages of litigation. In addition, any evidence presented in this trial should be limited to the three corporate Defendants in the case, not alleged evidence about other, unrelated Valero corporate entities that are not involved in this case and that do not own or operate the Pipeline at issue in this case.

6. No evidence of purported oil and gas company/industry profits, alleged bad acts by the oil and gas industry, or references to the industry or Defendants' role in that industry in a negative light. Such evidence is irrelevant and prejudicial, and would be designed to unfairly prejudice the jury against Defendants.

7. Any evidence or argument regarding any purported problems, pipeline issues, or operating practices involving any other Valero-owned pipeline other than the Valero Wynnewood Pipeline at issue in this case. This category would include any regulatory agency communications or enforcement actions for any Valero-owned pipeline asset that is not the Pipeline at issue in this case.

8. Any argument that the cost of replacing the Pipeline over the three-mile stretch crossing the Lazy S Ranch is a deterring factor for Defendants in deciding if or when to replace the section of the Pipeline crossing Plaintiff's ranch. The unrebutted testimony from Defendants' witnesses was directly to the contrary—that is that the Defendants conduct meticulous and robust evaluations regarding which sections of the Pipeline, if any, to replace.

9. Any argument or alleged evidence that Defendants have spent a lot of money defending this case, that they have two law firms defending the case, that some of the lawyers defending the case are from outside Oklahoma, and that any Valero entities are based in Texas and not Oklahoma.

10. Any argument or discussion of any discovery ruling or pretrial ruling in the case.

11. Any argument or discussion that Defendants have designated any document subject to the attorney-client privilege or attorney work product privilege to avoid disclosure of relevant evidence. If Plaintiff has a challenge to a privilege log entry, its duty is to challenge that

entry before the Court, but Plaintiff should not be allowed to imply or suggest that Defendants have done anything improper by logging documents that are properly the subject of the attorney-client privilege and/or attorney work product under well-established law.

12. Any argument or discussion of Defendants allegedly withholding documents to conceal bad acts or defraud regulatory agencies. Plaintiffs have produced all relevant documents through the discovery process.

**B. Certain Events That Occurred Off of or Miles Away from the Lazy S Ranch in the Past Should be Excluded from the Trial.**

*1. Alleged Evidence of the 2018 Leak that Occurred Six Miles Away on a Completely Different Property Should be Excluded from Trial.*

In 2018, before this lawsuit was ever filed, there was an incident that occurred six miles south of the Lazy S Ranch on a completely different property in which refined product exited the Pipeline via a "pinhole leak" due to a specific type of corrosion known as selective seam-weld corrosion, which is commonly considered to not be a threat in a pipeline of this age and type. The leak was discovered, remediated by Valero, found to need no further action by the relevant regulatory agencies, and no litigation resulted from the incident, and it was handled amicably with the landowner in question. The Pipeline was also evaluated specifically for this type of corrosion, select portions of the Pipeline were repaired, and no further incidents of this kind were found anywhere on the Pipeline, including on Plaintiff's property. Plaintiff has made much of this six-mile-away leak and intends to make it a focal point of their case at trial: because Plaintiff cannot prove the Pipeline is leaking on their property, Plaintiff must use irrelevant, prejudicial evidence of a past leak many miles away to argue that the Pipeline *must be* leaking on the Lazy S Ranch.

Plaintiff has specifically evaluated the Pipeline for additional instances of this type of corrosion and there is no evidence of any leak – selective seam-weld corrosion or otherwise –

occurring now or ever on the Lazy S Ranch, and it will be highly prejudicial to Defendants if Plaintiff is permitted to spend the entire trial talking about a leak that occurred four years ago, six miles away from the Lazy S Ranch, to try to convince the jury that because one pin-hole leak occurred six miles away, under different conditions not found anywhere on Plaintiff's property, there must be unfound, unidentifiable, unknown pinhole leaks in the section of the Pipeline crossing Plaintiff's ranch. All evidence in this case should be limited to the facts and conditions directly related to Plaintiff's ranch.

In addition to excluding any evidence of the 2018 leak, the Court should also exclude any use of Plaintiff's Deposition Exhibit 20 as it is irrelevant to the claims at issue in this case.

Such evidence and argument is irrelevant under FRE 401 and even if it were relevant, it should be held to be inadmissible under FRE 403.

> 2. *Plaintiff Suggested that a Maintenance Worker Passed Away Working on the Pipeline, but that Alleged Incident and Any Other Health and Safety Questions are Irrelevant to the Facts at Issue in the Upcoming Trial.*

At various times during depositions in this case, Plaintiff suggested that a contractor maintenance worker passed away while working on the Pipeline. Defendants are not familiar with this alleged accident or incident, but either way, whether it did or did not occur on the Lazy S Ranch or during Defendants' ownership period, it is wholly irrelevant to the case at hand. Any allegation that a contractor hired by Defendants died from nitrogen asphyxiation or any other cause should be excluded from trial in this matter. Plus, Plaintiff has not asserted any health-related claims or injuries in this case.

Similarly, Plaintiff took the deposition of Valero's Health and Safety Director, Lynn Hoyt, and asked him numerous questions about health and safety protocols of this specific Pipeline. Mr. Hoyt oversees 50+ Pipelines and does not have the health and safety protocols for each Pipeline

memorized, nor are such protocols relevant in this case where there has not been a health and safety issue or concern with this Pipeline on Plaintiff's ranch. Therefore, Defendants also request that the Court exclude any testimony elicited by Plaintiff from Lynn Hoyt about his alleged lack of knowledge of specific health and safety protocols regarding this specific Pipeline as he was not a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6) and did not have the "HSE" protocols for this Pipeline committed to memory.

>    3. *Exclusion of Evidence Regarding an Alleged but Unsubstantiated Leak(s) of Gasoline that Supposedly Exacerbated a Fire in the Past on Some Third-Party Property.*

During the deposition of Defendants' former employee, Bruce Brookman, Plaintiff's counsel asked questions about the "Chapman Ranch" and pasture fires that were intentionally set by the owner(s) of that ranch. During the questioning, Plaintiff's counsel suggested that the fires were "exacerbated" by "releases from the pipeline" where there is no evidence to support that conjecture and hearsay. Plaintiff has not produced any documents related to this allegation, and Defendants are not aware of it. A plain reading of the questions and answers makes clear the Defendants' former employee, who oversaw the Pipeline's operations, had no knowledge whatsoever of a supposed release causing the Chapman Ranch controlled burns to be larger than the Chapman Ranch expected. *See* Ex.1, B. Brookman Dep. Tr., at 171:20 – 176:18. This type of speculative, unsupported, alleged evidence and misguided argument is irrelevant because it is related to a different ranch, but it is also inadmissible under F.R.E. 403 because it is speculative, confusing, will cause undue prejudice to Defendants, and it is misleading to the jury.

>    4. *Exclusion of Categories of Alleged Damages That Are Not In the Case or Are Unsupported by Any Evidence.*

Plaintiff does not have a punitive damages claim or case here, and therefore Plaintiff should be precluded from seeking punitive damages at trial. Of course, even if there was a punitive

damage claim, under Oklahoma's two-stage process the Court would first have to determine if it were appropriate to even submit the issue to the jury, and then conduct the two-stage process as appropriate. *See*, *e.g.,* 23 O.S. § 9.1; Oklahoma Uniform Jury Instructions-Civil, 5.6-5.9. Any purported evidence or mention of punitive damages at trial inconsistent with the process mandated by Oklahoma law should be excluded.

Additionally, Plaintiff has suggested it may argue that it has lost income due to the allegations in the case, but there is no evidence of any kind to support a contention. Therefore, Plaintiff should be precluded from arguing any undisclosed, untimely "lost income" damages arguments. Similarly, Plaintiff should be precluded from introducing into evidence any purported "comparable sales" to support any contention as to market value of the Ranch that were not arm's length, third-party transactions because they are not indicative of market value under applicable law and appraisal standards. Further, Plaintiff has suggested that is has lost income by not being able to sell water from the ranch, but Plaintiff does not have a contract to sell water, has never negotiated with anyone with regard to potential sale of such water, and it has only a pending permit application for agriculture rights, it does not have a buyer to buy its water. The suggestion of alleged loss of income due to non-existent water contamination is speculative and prejudicial and should be excluded. The closest Plaintiff has come to taking a meaningful step towards evaluating its water rights was a single apparent conversation with an unknown individual from the City of Ardmore. This is simply not enough to sustain a claim, and any mention of these so-called efforts is prejudicial and misleading to the jury.

Plaintiff should also be precluded from asserting other speculative, prejudicial, and unsupported categories of purported harm and damages, including any argument or testimony that any animals or humans have suffered any health effects (they have not), that any person living on

9

the ranch has physical or emotional pain (they do not—there are no medical records in this case), or that anyone associated with Plaintiff has a fear of having to conduct future remediation at the Lazy S Ranch for a non-existent leak.

### C. The Court Should Exclude Any Evidence that Pre-Dates 2009 When Valero Partners Wynnewood LLC Took Ownership of the Pipeline.

In 2009, Valero Partners Wynnewood, LLC took ownership of the Pipeline from a publicly traded company called NuStar. Prior to 2009, NuStar owned and operated the Pipeline. The entity now known as NuStar was "spun off" by Valero Energy Corp. in early 2007 and NuStar began trading as its own publicly traded company on the New York Stock Exchange under the tickers NS for NuStar and NSH for NuStar GP Holdings, LLC. Valero Partners Wynnewood, LLC, nor any other Valero entity, did not own the Pipeline from 2007 to 2009, and prior to 2007, the predecessor corporate entity to NuStar owned the Pipeline. There is no relevance whatsoever to any corporate history or any alleged corporate transactions that predate Defendant Valero Partners Wynnewood, LLC taking ownership of the Pipeline in 2009 and running it ever since. NuStar is an entirely separate company from any of the Defendants or their affiliates. All pre-2009 corporate history evidence should be excluded as irrelevant to Plaintiff's claims in the case that all revolve around alleged but unfounded contamination from the Pipeline on the Lazy S Ranch. Plus, in prior court filings, Plaintiff itself has argued that anything that occurred in 2009 or prior is irrelevant when trying to keep its pipeline integrity expert, Trae Miller, from being disqualified from the case. *See* Doc. No. 157 at 7. Plaintiff cannot have it both ways, if Miller's actions in 2009 and earlier are not relevant, then irrelevant corporate history of this pipeline and any facts predating Defendants' ownership are also irrelevant.

## IV. CONCLUSION

For the reasons stated herein, and in accordance with the Federal Rules of Evidence and applicable case law, Defendants respectfully request that the Court exclude the evidence, testimony and argument described herein. Defendants also request that if and when a new case schedule is set, that they be allowed to file new motions in limine in accordance with the new case schedule to further flesh out the arguments herein and to provide additional concrete evidentiary examples to the Court.

By: /s/     *Stephen L. Jantzen*
Stephen L. Jantzen, OBA # 16247
Phillip G. Whaley, OBA # 13371
Grant M. Lucky, OBA # 17398
RYAN WHALEY
400 N. Walnut Ave.
Oklahoma City, OK 73104
(405) 239-6040 Telephone
(405) 239-6766 Facsimile
sjantzen@ryanwhaley.com
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com

James F. Bennett, MO Bar # 46826
Megan S. Heinsz, MO Bar # 56377
Matthew E. Johnson, CO Bar # 40984
Philip A. Cantwell, MO Bar # 65505
DOWD BENNETT
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
(314) 889-7300 Telephone
(314) 863-2111 Facsimile
jbennett@dowdbennett.com
mheinsz@dowdbennett.com
mjohnson@dowdbennet.com
pcantwell@dowdbennett.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 16, 2022, a true and accurate copy of the foregoing was electronically transmitted to the Clerk of Court using the ECF System for filing and transmitting to the following ECF registrants:

David P. Page
Jessica C. Ridenour
Thomas E. Rogers
Debbie M. Firestone
David Mitchell Garrett, Jr.
Christopher L. Camp
Krystina E. Phillips
Charles E. Geister, III
William A. Johnson
Elizabeth A. Price

                                                    By: /s/   *Stephen L. Jantzen*