UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

LAZY S RANCH PROPERTIES, LLC, AN
OKLAHOMA LIMITED LIABILITY COMPANY,

                              Plaintiff,

v.                                                                      Case No. 19-cv-425-JWB

VALERO TERMINALING AND DISTRIBUTION COMPANY;
VALERO PARTNERS OPERATING CO. LLC; AND
VALERO PARTNERS WYNNEWOOD, LLC,

                              Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to amend the pretrial order. (Doc. 347.) Defendants oppose the motion. (Doc. 349.) Plaintiff did not file a reply brief and the time for doing so has now passed. The motion is DENIED for the reasons stated herein.

**I.    Facts and Procedural History**

Plaintiff owns and runs cattle operations on 6,150 acres of real property in Carter County, Oklahoma (the "property"). The Roos family bought the property for approximately $8.6 million in December 2017. The property includes a main house/ranch headquarters, a foreman's house, a ranch hand house, a mobile home, a barn, a former airplane hangar, an equipment shed, a garage/shop, a covered corral, and five pipe fence cattle corrals. (Doc. 127 at 26.) The property also has eight water wells. (*Id.*) Beneath the property lie several pipelines. Central to this case is a 12-inch petroleum (refined gasoline and diesel fuel) transportation pipeline operated by Valero (the "Wynnewood Pipeline"). The Wynnewood Pipeline begins at Valero's refinery in Ardmore and travels approximately 30 miles north to a product terminal in Wynnewood. Approximately three miles of the Wynnewood Pipeline is located beneath the property. Plaintiff's experts contend

1

the Wynnewood Pipeline is leaking refined petroleum products into the soil, water, and air on the property.

In December 2019, Plaintiff filed suit against Defendants, who are all related entities operating the pipeline, alleging eleven claims under Oklahoma state law. This suit was filed in the Eastern District of Oklahoma. The parties engaged in significant discovery. On May 6, 2022, the case was reassigned to the undersigned pursuant to 28 U.S.C. § 292(b). The undersigned has been assisting the Eastern District of Oklahoma due to the significant backlog of cases in the district following the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). On May 25, 2022, the court held a status conference on this matter. The court discussed the recent assignment and advised the parties that due to the backlog of cases, the parties could consent to a transfer of the action to the District of Kansas and receive a firm trial setting promptly or they could leave this matter pending in the Eastern District of Oklahoma with a later trial setting which would be stacked for trial with other matters. The parties could inform the court of their decision at the pretrial conference. On June 24, the parties submitted a proposed pretrial order to the court. It included the following proposed language:

> Plaintiff consents to a transfer of venue, at this time, and consents to a jury trial in Wichita, Kansas, on a date certain with a jury drawn from a Wichita, Kansas jury pool. Defendants request that they be permitted to revisit this question from the Court upon issuance of all summary judgment rulings in the case.

(Doc. 349-1 at 3.)

At the pretrial conference, the parties discussed the venue provision in the pretrial order. Although Defendants had initially sought to reserve an objection to a change in venue, Defendants withdrew that position during the hearing. All parties had therefore consented to a change in venue to the District of Kansas so that they could receive a prompt and speedy resolution of this matter. However, there were several outstanding discovery issues that needed resolved and the parties

preferred to have those matters addressed by the magistrate judge who had been presiding over discovery. Therefore, the court agreed that venue would not be transferred until resolution of outstanding discovery issues. Accordingly, the final pretrial order states as follows:

> All parties have consented to a transfer of venue, and to a jury trial in Wichita, Kansas, on a date certain with a jury drawn from a Wichita, Kansas jury pool. Once discovery has been completed and the assigned magistrate judge has resolved all pending discovery motions, the parties are directed to file a joint motion to transfer venue to the District of Kansas pursuant to 28 U.S.C. § 1404(a) to formally document this request and effectuate the change of venue.

(Doc. 230 at 2.)

On December 7, the court entered an order granting Defendants' motion for summary judgment. (Doc. 316.) Plaintiff appealed that decision to the Tenth Circuit. On review, the court of appeals reversed this court's decision in part and remanded this matter on three claims. (Doc. 344.) After the mandate was issued, this court entered an order setting a scheduling conference. In addition, the court ordered the parties "to file a joint motion to transfer venue as agreed to in the pretrial order (Doc. 230 at 2)." (Doc. 346.) Instead of filing a joint motion to transfer venue, Plaintiff filed a motion to amend the pretrial order to remove its consent to the venue change. (Doc. 347.) Defendants oppose the motion. (Doc. 349.)

**II.    Standard**

"The purpose of the pretrial order is to 'insure the economical and efficient trial of every case on its merits without chance or surprise.'" *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (citing *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987)). Federal Rule of Civil Procedure 16(e) permits a pretrial order to be modified after the final pretrial conference only to prevent manifest injustice. Plaintiff has the burden to prove manifest injustice. *Davey*, 301 F.3d at 1211.

**III.    Analysis**

6:19-cv-00425-JWB   Document 357   Filed in ED/OK on 05/02/24   Page 4 of 6

Plaintiff's motion seeks amendment of the pretrial order on the basis that it only consented to the venue change due to a desire for a quick trial date. (Doc. 347 at 2.) Plaintiff contends that it should be allowed to revoke its consent to the venue change because circumstances have now changed. Plaintiff's motion makes no attempt to address the manifest-injustice standard that applies to modifications of a pretrial order.

In its motion, Plaintiff argues that the § 1404(b) factors weigh in favor of venue in the Eastern District of Oklahoma. But, as pointed out by Defendants, nothing has changed with regard to consideration of the factors. Rather, all of those considerations identified by Plaintiff were the same in June 2022 as they are today and, at that time, the parties agreed that a change in venue was in the interest of justice so that the parties could have a speedy resolution. That has not changed here. The court has informed the parties that it will set this matter in September 2024, which is their desired trial date. That can only be accomplished with a setting in Wichita. A setting in Oklahoma would result in a stacked trial setting due to the number of cases and the need to conserve scarce judicial resources. Further, this court would have transferred this matter in June 2022 but for the parties' request to leave the matter pending in Oklahoma so that the magistrate there could handle any discovery issues. The court accommodated the parties based on the commitment to later transfer venue so that this matter could be promptly tried.

Plaintiff has made no effort to establish manifest injustice here that would require modification of the pretrial order. The fact that this matter has now been remanded from the Tenth Circuit does not affect any venue considerations that were not present in June 2022. The court has planned the scheduling of this matter and cleared its calendar to accommodate a prompt trial based on the prior consent of the parties in the pretrial order and Plaintiff has not put forth any basis to modify the pretrial order that was not known to Plaintiff in June 2022. A court may "decline a

motion to amend the pretrial order 'if the evidence or issue was within the knowledge of the party seeking modification at the time of the pretrial conference.'" *Monfore v. Phillips*, 778 F.3d 849, 853 (10th Cir. 2015) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1527.1 (2010)).  All of the considerations set forth in Plaintiff's motion were known to Plaintiff at the time it consented to a venue transfer, and the court has granted the parties' request for a trial setting in September.  The court thus finds that Plaintiff has not met its burden in proving manifest injustice.

Moreover, the court specifically observes that, under the circumstances present in this case, trying this case in Wichita, Kansas, would not pose any substantial burdens on the parties beyond what they already face in trying this case in Muskogee, Oklahoma.  The ranch which lies at the center of this dispute is located along Interstate Highway 35 in Carter County, Oklahoma.  The time it takes to drive from the ranch to Wichita is less than thirty minutes longer than the travel time to Muskogee.  Furthermore, the court notes that most of the witnesses identified in Plaintiff's witness lists filed thus far in the case are either experts, employees, or owners of the business, and thus within Plaintiff's control.  (Docs. 310, 203, 149.)  Many of those people do not reside in the Eastern District of Oklahoma, several being located in the Northern and Western Districts of Oklahoma and some living as far away as Houston, Texas; Staunton, Virginia; somewhere in New Jersey; and Boston, Massachusetts.  Additionally, the court made clear when originally discussing the possibility of the parties requesting a venue change that the court would be as flexible as possible in permitting live remote testimony or testimony by deposition for any witnesses who could not or would not appear in person at a trial in Wichita; the court remains committed to that accommodation.  Finally, the prospect of securing courtroom space for a three week trial in Muskogee, with the backlog of cases resulting from the *McGirt* decision and the influx of visiting

judges assisting the judges on that court with those cases, will be much more difficult than committing the undersigned's own courtroom in the not-so-distant city of Wichita for the three weeks necessary to try this case. Thus, the court concludes as a practical matter that trial in Wichita is not substantially more inconvenient, and with respect to some witnesses who hail from more distant locations even more convenient, than trial in Muskogee.

### IV. Conclusion

Plaintiff's motion to modify the pretrial order (Doc. 347) is DENIED. Defendants are directed to file a motion to transfer venue as stipulated to in the pretrial order and submit a proposed order granting the same promptly upon completion of remaining discovery in this case.

IT IS SO ORDERED. Dated this 2nd day of May 2024.

\_\_ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE