UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

LAZY S RANCH PROPERTIES, LLC, AN
OKLAHOMA LIMITED LIABILITY COMPANY,

          Plaintiff,

v.                                                                               Case No. 19-cv-425-JWB

VALERO TERMINALING AND DISTRIBUTION COMPANY;
VALERO PARTNERS OPERATING CO. LLC; AND
VALERO PARTNERS WYNNEWOOD, LLC,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to transfer venue. (Doc. 370.) Plaintiff opposes the motion. (Doc. 371.) The motion is DENIED for the reasons stated herein.

**I.**     **Facts and Procedural History**

Plaintiff owns and runs cattle operations on 6,150 acres of real property in Carter County, Oklahoma (the "property"). Beneath the property lie several pipelines. Central to this case is a 12-inch petroleum (refined gasoline and diesel fuel) transportation pipeline operated by Valero (the "Wynnewood Pipeline"). The Wynnewood Pipeline begins at Valero's refinery in Ardmore and travels approximately 30 miles north to a product terminal in Wynnewood. Approximately three miles of the Wynnewood Pipeline is located beneath the property. Plaintiff's experts contend the Wynnewood Pipeline is leaking refined petroleum products into the soil, water, and air on the property.

In December 2019, Plaintiff filed suit against Defendants, who are all related entities operating the pipeline, alleging eleven claims under Oklahoma state law. This suit was filed in the Eastern District of Oklahoma. The parties engaged in significant discovery. On May 6, 2022, the

1

case was reassigned to the undersigned pursuant to 28 U.S.C. § 292(b). The undersigned has been assisting the Eastern District of Oklahoma due to the significant backlog of cases in the district following the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). On May 25, 2022, the court held a status conference on this matter. The court discussed the recent assignment and advised the parties that due to the backlog of cases, the parties could consent to a transfer of the action to the District of Kansas and receive a firm trial setting promptly or they could leave this matter pending in the Eastern District of Oklahoma with a later trial setting which would be stacked for trial with other matters.

At the pretrial conference, all parties consented to a change in venue to the District of Kansas so that they could receive a prompt and speedy resolution of this matter. The matter was not transferred at that time, however, due to outstanding discovery issues that were being dealt with by the magistrate judge in Oklahoma. Accordingly, the final pretrial order states as follows:

> All parties have consented to a transfer of venue, and to a jury trial in Wichita, Kansas, on a date certain with a jury drawn from a Wichita, Kansas jury pool. Once discovery has been completed and the assigned magistrate judge has resolved all pending discovery motions, the parties are directed to file a joint motion to transfer venue to the District of Kansas pursuant to 28 U.S.C. § 1404(a) to formally document this request and effectuate the change of venue.

(Doc. 230 at 2.)

On December 7, the court entered an order granting Defendants' motion for summary judgment. (Doc. 316.) Plaintiff appealed that decision to the Tenth Circuit. On review, the court of appeals reversed this court's decision in part and remanded this matter on three claims. (Doc. 344.) After the mandate was issued, this court entered an order setting a scheduling conference. In addition, the court ordered the parties "to file a joint motion to transfer venue as agreed to in the pretrial order (Doc. 230 at 2)." (Doc. 346.) Instead of filing a joint motion to transfer venue, Plaintiff filed a motion to amend the pretrial order to remove its consent to the venue change.

2

(Doc. 347.) The court denied the motion finding that Plaintiff had not met its burden to show manifest injustice. (Doc. 357.) At the scheduling conference, the court set a trial date of September 16, 2024. Defendants have now moved to transfer venue to the District of Kansas. Plaintiff opposes the motion.

**II.     Analysis**

The change of venue statute states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). After determining that the parties have consented to a transfer, the court must weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). Defendants bear the burden of establishing that the existing forum is inconvenient and must demonstrate that "the balance of factors strongly favors a transfer of venue under" the statute. *Id.* at 1167 and n. 13.

Here, the pretrial order reflects that the parties consented to a venue change. Therefore, the court will proceed to address the factors. *See AES Shady Point, LLC v. Cont'l Carbonic Prod., Inc.*, No. CIV-19-00132-PRW, 2019 WL 8194729, at *1 (E.D. Okla. May 15, 2019) (discussing that consent alone "is not a basis for ordering transfer," and that the moving party must still demonstrate "that the Section 1404(a) statutory factors of convenience and the interest of justice justify transfer.") (quoting 15 Wright et al., supra note 2, § 3841, at 9 (citing H.R. Rep. No. 112-

10, at 24)); *see also Ward v. Stewart*, 133 F. Supp. 3d 455, 459–60 (N.D.N.Y. 2015) (collecting cases)).

### A. Plaintiff's Choice of Forum

A plaintiff's choice of forum should rarely be disturbed. *Emps. Mut. Cas. Co.*, 618 F.3d at 1167. Plaintiff initially argues that this court cannot transfer venue to the District of Kansas because this court lacks personal jurisdiction over Defendants in that venue, citing to *Chrysler Credit Corp.* (Doc. 371 at 2.) That opinion, however, was decided under an earlier version of § 1404(a) which only allowed a transfer to a district in which the case could have been brought. The statute has since been revised and allows a change in venue to a district to which the parties consent. Plaintiff argues that the amendment does not eliminate the requirement to show that the transferee court must have personal jurisdiction over the parties and cites to two cases for support. (Doc. 371 at 2) (citing *Presidential Hosp. LLC v. Wyndham Hotel Grp.*, LLC, 333 F. Supp. 3d 1179, 1222 (D. N. M. 2018) and *Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014)). Those cases, however, do not support Plaintiff's argument. *Aereo, Inc.* did not involve a transfer based on the parties' consent. 997 F. Supp. 2d at 1205. In *Presidential Hospital, LLC*, one plaintiff did not consent to jurisdiction in the transferee court; therefore, the court could not transfer the claims of that plaintiff because that plaintiff neither consented nor was subject to jurisdiction in that district. 333 F. Supp. 3d at 1222. Contrary to Plaintiff's assertion, these cases do not stand for the proposition that a *defendant* must be subject to personal jurisdiction in the transferee court when that party consents to transfer.

Turning to consideration of this factor, although Plaintiff argues that its choice of forum is the Eastern District of Oklahoma, Plaintiff consented to a change of venue to the District of Kansas. (Doc. 230 at 2.) Plaintiff cites to no authority for the proposition that it can revoke its consent that

4

is set forth in the pretrial order, and this court recently denied Plaintiff's motion to modify the pretrial order. As noted by Defendants, all parties have been operating under the assumption that this case would be tried in Kansas if a trial was required.

Due to the stipulation in the pretrial order which controls the course of action in this matter, Plaintiff's choice of forum is now the District of Kansas. As such, Plaintiff's initial forum choice is not due much weight. *See Cavallo v. Hotel Fin. Partners Inc*., No. 24-CV-00169-STV, 2024 WL 2273199, at *2 (D. Colo. Mar. 8, 2024) (the plaintiff's consent to a venue change mitigates "the weight of Plaintiff's initial choice of forum."); *AES Shady Point, LLC*, 2019 WL 8194729, at *3 (finding that the plaintiff's consent to transfer shows that it "has no strong interest or basis for maintaining the lawsuit in this Court.")

Even though Plaintiff's choice of forum is now Kansas, the Tenth Circuit has instructed that the court is to accord little weight to a forum when the facts giving rise to the suit do not have a significant connection to that forum. *Emps. Mut. Cas. Co*., 618 F.3d at 1168. The events giving rise to this action occurred in Oklahoma, which is where Plaintiff also resides. Even though Kansas is Plaintiff's choice of forum, the events in this case do not have a significant connection to the District of Kansas.

Therefore, the court finds that this factor is neutral. *See Ward*, 133 F. Supp. 3d at 462.

### B. Accessibility of Witnesses and Sources of Proof

Next, the court considers the accessibility of witnesses and the sources of proof. "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emps. Mut. Cas. Co*., 618 F.3d at 1169. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue. *Id.* at 1167. To demonstrate inconvenience, "the movant must (1) identify the witnesses and their locations; (2) indicate the

quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary." *Id.* at 1169 (internal quotation and alterations omitted). Defendants fail to satisfy the third requirement regarding the potential witnesses.

According to Defendants, there are 34 witnesses who will testify at trial and 12 of those witnesses live in Oklahoma. The remaining witnesses live out of state although none are located in Kansas. Defendants have not introduced evidence of witnesses who will not travel to Oklahoma or Kansas for trial. Rather, the parties agree that all witnesses will appear at either location.

The parties also agree that the out of state witnesses will have similar travel times to fly into the airports in Kansas and Oklahoma although there is no direct flight to Muskogee. If the trial was held in Oklahoma, the out of state witnesses will have to either rent a car or take a longer drive to get from Tulsa to Muskogee. This will add approximately 30 minutes to the travel time as compared to those who would travel to Wichita. Plaintiff argues that this amount of travel time is insignificant. Defendants have not put forward evidence that travel to Muskogee is inconvenient to any witness due to the additional time from the airport nor has Defendants shown that any witness would not appear for trial in Muskogee.

Finally, there are several witnesses in Oklahoma. There are some non-party witnesses from Tulsa, Oklahoma (Kenneth Ede, Bert Fisher) and Ada, Oklahoma (Kevin Blackwood, Dennis Thompson). Plaintiff's representatives also live in Tulsa. The witnesses from Tulsa and Ada would have to drive an additional one and a half hours to get to the courthouse in Wichita, Kansas as compared to Muskogee, Oklahoma. The remaining Oklahoma witnesses who live near Oklahoma City would spend a similar amount of time driving to either Muskogee or Wichita.

Defendants' primary argument regarding witness convenience is that the parties will receive a firm trial setting in Kansas and they would be unable to do so in Muskogee due to the congested docket. While this certainly imposes an inconvenience on witnesses, especially the experts who have limited time, this inconvenience has not resulted in any witness refusing to come to testify at trial in Muskogee. As such, Defendants are unable to meet their burden to show inconvenience to the witnesses. Further, there are several witnesses in Oklahoma who are within a reasonable driving distance to the Muskogee courthouse as compared to the Wichita courthouse. At the time the court entered its prior order, the court was not aware of the specific location of the potential witnesses and believed that most Oklahoma witnesses were in the area of the ranch which is a similar distance to both courthouses.

Based on the evidence submitted by the parties regarding the witnesses, the court finds that this factor weighs against a transfer. Transferring this matter would merely shift the inconvenience which is not a basis to transfer under § 1404,

### C. Cost of Making Necessary Proof

As discussed, the majority of witnesses are not within the Eastern District of Oklahoma. Therefore, the witnesses will be required to travel to this court or the District of Kansas for trial. Defendants argue that this factor is neutral because the travel costs to get to both districts are similar for the witnesses. (Doc. 370 at 12.) Defendants, however, have not put forth evidence regarding the costs of litigating in either district. Although Plaintiff asserts that a trial in Kansas could result in additional hotel stays for some Oklahoma witnesses, Plaintiff has not put forth evidence regarding costs either. Therefore, Defendants have failed to show that this factor justifies a transfer. *See Emps. Mut. Cas. Co.*, 618 F.3d at 1169 (finding that the lack of evidence on this issue fails to justify a transfer).

### D. Difficulties that May Arise from Congested Dockets and Expeditious Trial

This court is to consider any difficulties that may arise due to congested dockets and all other considerations that make a trial easy, expeditious and economical. Trial in the District of Kansas would be expeditious and easy as compared to the Eastern District of Oklahoma. There has been in influx of criminal cases in this court after the decision in *McGirt*. *See Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486, 2492 (2022) (describing the "significant challenge for the Federal Government and for the people of Oklahoma" after *McGirt v. Oklahoma*). As noted by another judge in this district, this court has dealt with "unprecedented caseloads and jurisdictional complexities since the Supreme Court's decision in *McGirt*." *United States v. Daniels*, No. 23-CR-209-RAW, 2024 WL 2158672, at *1 (E.D. Okla. May 8, 2024). "*McGirt* caused an immediate increase of nearly 200% in the number of criminal cases filed in the Northern District and more than 400% in the Eastern District." *Id.* (citing U.S. Courts, Judiciary Supplements Judgeship Request, Prioritizes Courthouse Projects (Sept. 28, 2021), https://www.uscourts.gov/news/2021/09/28/judiciary-supplements-judgeship-request-prioritizes-courthouse-projects.) Based on the significant criminal docket which takes priority over civil matters, the court has confirmed as of the date of this order that the earliest potential availability of a courtroom for the amount of time needed to try this case in Muskogee would be July 2025. As stated before, the District of Kansas has available courtroom space and the undersigned can provide a firm trial setting for a three week trial next month.

This factor weighs in favor of transfer.

### E. Fair Trial and Local Court Determine Questions of Local Law

Plaintiff argues that the case should not be transferred because it will not get a fair trial in Kansas as this matter does not concern Kansans. Plaintiff essentially is asserting that the case

should not be transferred because this action concerns Oklahoma property and questions of Oklahoma law. Plaintiff has not shown that it would not get a fair trial in Kansas just because this matter involves Oklahoma parties. However, the Tenth Circuit has held that "[w]hen the merits of an action are unique to a particular locale, courts favor adjudication by a court sitting in that locale." *Emps. Mut. Cas. Co.*, 618 F.3d at 1170. This matter involves Oklahoma property, including the Arbuckle Mountains.

Therefore, while there is no basis to believe that Plaintiff would not receive a fair trial in Kansas, the local court factor weighs against transferring this action.

F. **Summary**

Having considered all the relevant factors under § 1404(a), the court concludes that the balance of factors weighs against transfer and will therefore deny the motion to transfer. The court reluctantly concludes as such, however, as all of the parties have been operating under the agreement that this action would be tried in the District of Kansas due to the backlog of cases in this district. The parties agreed to transfer this action more than two years ago. Upon remand from the court of appeals, this court cleared calendar space to try this matter in the District of Kansas by utilizing the undersigned's courtroom. This matter has been pending for several years and the undersigned recognized the importance to quickly get this case to trial which could only happen if this matter was transferred to the District of Kansas. Plaintiff, however, reneged on its pledge to try the case in Wichita, although it could point to no change in circumstances with respect to the parties or witnesses that would make a transfer to the District of Kansas inconvenient. This gamesmanship by Plaintiff has caused a disruption to all parties involved, including the undersigned, as reflected in Defendants' motion. The undersigned, however, has an obligation to apply the law to the facts of the case as set forth in this order.

The court is also concerned that plowing forward with a trial in Wichita would essentially grant Plaintiff an unfair advantage in the form of a free option.  Plaintiff could proceed to trial in Wichita under protest.  If the jury verdict was favorable, Plaintiff could accept it; however, if the jury returned an unfavorable verdict, Plaintiff could appeal the court's decision to hold Plaintiff to its commitment to transfer the case to Kansas and, under the law governing such transfers, there is a reasonable probability that Plaintiff could prevail on that issue on appeal.  This case has already been appealed once.  While the interests of justice in the prompt adjudication of cases weighs in favor of getting this matter to trial next month, the undersigned has no interest in trying this case twice.

### IV.     Conclusion

Defendants' motion to transfer venue (Doc. 370) is DENIED.  The current trial setting of September 16, 2024, is vacated.  The joint motion to supplement the schedule (Doc. 372) is DENIED AS MOOT, although the parties are strongly encouraged to proceed with their scheduled mediation.

IT IS SO ORDERED.  Dated this 16th day of August 2024.

> \_\_ s/ John Broomes
> JOHN W. BROOMES
> UNITED STATES DISTRICT JUDGE