**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

LAZY S RANCH PROPERTIES, LLC, AN
OKLAHOMA LIMITED LIABILITY COMPANY,

      Plaintiff,

v.                              Case No. 19-cv-425-JWB

VALERO TERMINALING AND DISTRIBUTION COMPANY;
VALERO PARTNERS OPERATING CO. LLC; AND
VALERO PARTNERS WYNNEWOOD, LLC,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion for attorney's fees and Plaintiff's motion for discovery. (Docs. 593, 595.) The motions have been fully briefed and are ripe for decision. (Docs. 597, 601, 603, 605.) The motions are DENIED WITHOUT PREJUDICE for the reasons stated herein.

I.      **Facts and Procedural History**

This is an oil and gas pipeline case where Plaintiff alleged that Defendants' pipeline was leaking and contaminating the soil, water, and air on Plaintiff's ranch. This case was filed on December 18, 2019, and has been contentiously litigated by both sides. Both parties hired a team of experts who offered opinions regarding whether the pipeline was leaking on the ranch. In October 2022, Defendants moved for summary judgment on the grounds that de minimis exposure to hydrocarbons, without more, was not sufficient to prove any of Plaintiff's claims. (Doc. 267.) The undersigned granted Defendants' motion in December 2022 and entered judgment. (Docs. 316, 317.) Plaintiff timely filed an appeal to the Tenth Circuit. Defendants also timely filed a motion for attorney's fees and other non-taxable costs asserting that fees and non-taxable costs

1

were recoverable under Oklahoma law.  (Doc. 318.)  In their motion, Defendants sought $2,217,237.00 in attorney fees and $707,065.23 in non-taxable costs.  (*Id.* at 22–23.)  In support, Defendants attached almost 1200 pages of affidavits and time records.  (*Id.*)  Notably, hundreds or even thousands of time-record entries were redacted on the basis that they were privileged.  (Doc. 334.)  Plaintiff filed a motion for discovery as to the fees due to the significant redactions.  (Doc. 333.)  Defendants opposed any discovery and submitted revised exhibits where they reduced the amount of redactions but did not eliminate them.  (Doc. 334.)

The court denied the motions without prejudice noting that the matter was on appeal and that the court could delay ruling on fees until after the appeal.  (Doc. 335 at 16).  On April 1, 2024, the mandate was issued by the court of appeals reversing in part this court's ruling on summary judgment.  (Doc. 345.)  The Tenth Circuit held that the court was to hold a jury trial on three claims: private nuisance; public nuisance; and negligence per se.

An eight-day jury trial was held in April 2026.  The jury returned a verdict in favor of Defendants.  (Doc. 581.)  The court entered judgment in accordance with the jury verdict.  (Doc. 583.)  Defendants have now renewed their motion for attorney's fees.  (Doc. 593.)  Defendants' renewed motion seeks a total of $6,159,019.21 in fees and other costs.  (*Id.* at 11.)  In support, Defendants have attached almost 2,000 pages of affidavits and billing records.  (Doc. 593-1 to 593-22.)  They have also incorporated the prior motion and exhibits submitted in 2022.  Again, Defendants have redacted thousands of billing entries on the basis of attorney client privilege. Again, Plaintiff seeks discovery on the motion for fees and Defendants object.

## II.    Analysis

In federal diversity cases, the award of attorney fees is a "substantive matter controlled by state law."  *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008).  The court first

determines a lodestar amount "**from the detailed time records** . . . by multiplying the attorney's hourly rate by the number of hours expended." *Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007). "There is a strong presumption that the lodestar method, alone, will reflect a reasonable attorney fee." *Parsons v. Volkswagen of Am., Inc.*, 341 P.3d 662, 671 (Okla. 2014). After determining the lodestar, the court determines whether any increase or decrease should be made by considering the twelve factors outlined in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979). *Spencer*, 171 P.3d at 895. Defendants bear the burden to "demonstrate that the time for which compensation is sought was reasonable and necessary." *Okla. Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1253 (N.D. Okla. 2004). Defendants' attorneys "must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices." *Spencer*, 171 P.3d at 895.

Here, Plaintiff does not dispute that Oklahoma law would entitle Defendants to attorney's fees on the basis that they are the prevailing party under 12 O.S. § 940(A).[1] Plaintiff, however, makes several objections to Defendants' fee requests, including an objection to the significant number of redactions to the fee records. According to Plaintiff, the redactions occur in time entries that account for $2.978 million in fees and over 65% of the entries have redactions. (Doc. 597 at 5, n.1. and 6.) The court makes no attempt to verify whether this figure is accurate (and Defendants do not address these figures in their reply brief) but a review of the record shows that a significant number of time entries have been redacted. Plaintiff's response sets forth examples of the redactions which show that it would be difficult, if not impossible, to respond to the billing requests as the record fails to identify what the attorney was working on. (*Id*. at 13) (showing entries that

---

[1] Plaintiff disputes that defendants are entitled to expert witness fees and other costs under 12 O.S. § 1101.1(B)(3). (Doc. 597 at 7.)

3

only include one word or phrase, and the remaining words have been completely redacted). Plaintiff argues that it cannot adequately respond to the attorney fee request and seeks an order requiring Defendants to provide unredacted records and allow discovery on the fees. (Docs. 595, 597.) Defendants oppose any discovery and assert that the court may rule on the request after reviewing the unredacted records. Defendants cite *Team Sys. Int'l, LLC v. Haozous*, 706 F. App'x 463, 466–67 (10th Cir. 2017), for the proposition that the appropriate approach is to file redacted records and, "if necessary, submit unredacted versions for in camera review." (Doc. 601 at 6.)

In *Haozous*, the prevailing party filed a motion for attorney fees and submitted records that had redactions. The opposing party argued that the submissions were insufficient because of the redactions and asked for unredacted copies and an opportunity to respond. The trial court ordered the production of unredacted records for an *in camera* review. The opposing party did not object to the order. *Haozous*, 706 F. App'x at 464. The court reviewed the *in camera* submissions, found the time billed was reasonable and appropriate, and reduced the lodestar by ten percent based on some "unsupported block-billing entries and some duplication of services by multiple attorneys." *Id.* at 465. On appeal, the Tenth Circuit affirmed. The court held that it was not an abuse of discretion to deny access to the itemized time records and conduct an *in camera* review. The court further noted that the opposing party "did not pursue other avenues of discovery or contend on appeal that alternative discovery would have been inadequate." *Id.* at 466. In so holding, the Tenth Circuit cited *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1309 (10th Cir. 2014). In that case, the court of appeals found that the district court "acted within its discretion to conduct an ex parte, in camera review of billing records where it allowed the responding party to obtain summaries and depose someone familiar with the billing practices." *Haozous*, 706 F. App'x at 466.

4

While these cases stand for the proposition that this court may review unredacted billing records *in camera* to determine whether a fee request is reasonable, they also suggest that reasonable discovery is appropriate on a fee request when the time records have been redacted and a party opposing the fee request seeks discovery. Notably, in this case, the court is confronted with several hundred pages of billing records and a significant portion of those records are redacted. Further, Plaintiff is faced with a potential fee award of millions of dollars. Plaintiff should have the ability to challenge the reasonableness of the billing records and cannot do so in the current state. For example, Plaintiff cannot determine the amount of time expended on specific tasks and whether that work is duplicated by multiple attorneys given the substantial redactions. A review of the exhibits shows that there are entries that include single words such as "finalize," "review," "research," and "work on" but the remaining entry for the work performed is completely redacted. (*See*, *e.g.*, Docs. 593-4 at 13, 593-18 at 4–5.) The court has not seen such extensive redactions in a motion for attorney fees and finds it quite unlikely that all of these redactions are appropriate on the basis of attorney-client privilege. The court is not inclined to review several hundred pages of unredacted records *in camera*, as Defendants suggest, to determine if the fee request is reasonable and appropriate. Such an undertaking without input from opposing counsel would exhaust considerable judicial resources.

Therefore, the court would be inclined to allow some discovery into the time records, such as what was allowed in *Garcia*. The court, however, is mindful that the parties are currently engaged in an appeal in this matter. As a result, requiring the parties to engage in discovery on work performed during the case while the parties remain in active litigation may prove difficult

and ultimately unnecessary.[2]  Plaintiff asks the court to stay a decision on fees pending the appeal. The court finds that this request is reasonable given the circumstances.

As previously noted, the district court is not required to resolve a motion for attorney's fees or costs before the appeal is completed.  *See Hudson v. AIH Receivable Mgmt. Servs.*, 2012 WL 13026795, at *1–2 (D. Kan. 2012); Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").  Indeed, "district courts often defer ruling on motions for attorneys' fees and costs or deny the motions without prejudice pending the resolution of an appeal on the merits." *Chung v. Lamb*, 2019 WL 8060186, at *2 (D. Colo. 2019) (citing cases).

Here, the court finds the most appropriate course of action is to deny without prejudice Defendants' motion for attorney's fees and Plaintiff's related motion for leave to conduct discovery.  Should Plaintiff's appeal prove unsuccessful, Defendants may renew their motion which would likely include an additional fee request for the time spent on appeal.  Further, Defendants may conclude that the most practical course would be to file unredacted billing records or substantially reduce the number of redactions as the matter would be concluded.  Alternatively, Defendants may consider reducing their fee request in order to protect whatever information lies behind the redactions; sometimes protecting privilege comes at a cost.  And, if Plaintiff prevails, this matter would be reset for another trial.

---

[2] If Plaintiff is unsuccessful on appeal and the case completely concluded, such extensive redactions should be unnecessary or the unredacted billing records could be filed under seal but available to opposing counsel. Alternatively, if Plaintiff is successful, then Defendants could not yet recover fees.

Accordingly, "the interests of judicial efficiency and fairness weigh in favor of waiting for a mandate from the Tenth Circuit before awarding or denying attorneys' fees in this matter." *Hudson*, 2012 WL 13026795, at *2; *see also Chung*, 2019 WL 8060186, at *3 (denying motion for attorney's fees without prejudice and deferring consideration until after the Tenth Circuit addressed the merits of the plaintiff's pending appeal).

## III.    Conclusion

Defendants' motion for fees (Doc. 593) and Plaintiff's motion for discovery (Doc. 595) are DENIED WITHOUT PREJUDICE.  If Plaintiff is unsuccessful on appeal, Defendants may renew their motion within 14 days after the mandate is filed.

IT IS SO ORDERED.  Dated this 21st day of July 2026.

s/ John Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE